Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

| IN RE: | CASE NO. 15-bk-32450 (EDVA) MAIN CASE |
|---|---|
| PATRIOT COAL CORPORATION, ET AL., | CHAPTER 11 |
| Debtors. | JUDGE KEITH L. PHILLIPS |
| IN RE: | CASE NO. 15-bk-32449 (EDVA) |
| KANAWHA EAGLE MINING, LLC, | CHAPTER 11 |
| Debtor. | JUDGE KEITH L. PHILLIPS |
| RODNEY NELSON and SHERRI NELSON, Plaintiffs, v. KANAWHA EAGLE MINING, LLC, Defendants. | ADVERSARY PROCEEDING NO. 2:17-ap-02006 LEAD ACTION JUDGE FRANK W. VOLK |
| KANAWHA EAGLE MINING, LLC, Third-Party Plaintiff, v. SPEED MINING, LLC, Third-Party Defendant. | |

**MEMORANDUM OPINION AND ORDER RESPECTING TRANSFER OF VENUE**

Pending are Defendant's Motion to Transfer Venue [Dckt. No. 16] and Plaintiffs' Motion for Remand and Abstention [Dckt. No. 10].

## I.

On May 12, 2015, Kanawha Eagle Mining, LLC ("Kanawha Eagle") voluntarily petitioned for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division ("Virginia Bankruptcy Court"). Kanawha Eagle is a wholly-owned subsidiary of Blackhawk Mining, LLC ("Blackhawk"). Blackhawk is an affiliate of the Patriot Coal Corporation ("Patriot"), which, in addition to Patriot and numerous Patriot affiliates, petitioned for relief under Chapter 11 in the Virginia Bankruptcy Court on May 12, 2015. The assigned judicial officer, the Honorable Keith L. Phillips, permitted joint administration of the cases on May 13, 2015.

Blackhawk was named as a defendant in twenty-three similar adversary proceedings alleging employment discrimination which were removed here from various circuit courts in West Virginia. The cases were consolidated on June 27, 2016. Blackhawk moved for transfer of the consolidated cases to its home court. On September 30, 2016, the Court granted Blackhawk's Motion to Transfer. *See Bolon v. Blackhawk Mining, LLC, et al.*, Bankr. S.D.W. VA 2:16-AP-02008, Dckt. No. 29.

On May 15, 2016, Rodney Nelson and Sherri Nelson (collectively, the "Nelsons"), instituted an action against Blackhawk alleging employment discrimination in the Circuit Court of Logan County. An Amended Complaint naming Kanawha Eagle as the sole defendant was filed on June 29, 2016. On February 22, 2017, Kanawha Eagle removed here [Dckt. No. 1]. Kanawha Eagle now seeks to have the case transferred to the Virginia Bankruptcy Court.

2

## II.

In seeking transfer, Kanawha Eagle's reliance on Article XI of the Confirmation Order in Patriot is parallel to the argument asserted by Blackhawk in *Bolon*. The Confirmation Order provides that Judge Phillips may retain jurisdiction over "the matters set forth in Article XI and other applicable provisions of the Plan." (Conf. Order, at 37, ¶ 111). Specifically, Article XI provides for retention of jurisdiction "over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan. . . ." (Plan at 57-58).

As explained in *Bolon*, a split of authority exists concerning whether a remand request must first be adjudicated prior to a sought-after transfer. A hard-and-fast rule need not be here adopted. In accord with *Bolon*, however, where there is at issue the interpretation of a Confirmation Order entered in recent years by the judicial officer presiding over the main case, transfer should usually be the first order of business. An authoritative interpretation by the author of the Confirmation Order may obviate the need for further litigation altogether or decisively steer it to the appropriate forum. There additional benefits -- too numerous to mention -- of permitting the judicial officer in the home court to have a "first look" privilege under the circumstances presented here.

Having considered the applicable factors, and paying due regard to the all-important factor respecting the economical and efficient administration of the estate, along with the "home court" presumption, it is **ORDERED** that the motion to transfer be, and hereby is, **GRANTED**. It is further **ORDERED** that the motion to remand be, and hereby is, **DENIED** without prejudice to its refiling pursuant to any collective briefing order previously entered by the undersigned or Judge Phillips.

The Clerk is directed to send a courtesy copy of this Order to Judge Phillips' chambers via electronic mail and to all other tribunals, counsel and parties entitled to notice.